[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
CT Page 15211
This is a purported administrative appeal from a refusal by the Connecticut Medical Examining Board ("Board") to "reverse or modify" a consent order issued by the Board. The Board has moved to dismiss the appeal on the ground of lack of subject matter jurisdiction.
The plaintiff, a physician licensed in Connecticut, alleges that he was issued on February 16, 1999, a statement of charges by the Department of Public Health alleging that he had provided negligent care to a patient. (Complaint, ¶ 5). The plaintiff appeared before the Board, as it is charged with the duty of hearing complaints brought by the Department of Public Health against doctors. On October 19, 1999, the Board approved a consent order as the final disposition of the charges. (Complaint, ¶ 9).
On or about May 2, 2000, the plaintiff filed a "Request to Reverse or Modify Consent Order" alleging changed conditions since the time the order was entered. (Complaint, ¶ 18). The Department of Public Health filed an objection to the plaintiff's request on May 4, 2000.[1] At a meeting of the Board on June 20, 2000, the Board heard argument from the plaintiff and the Department of Public Health. The Board then voted at the same meeting to sustain the objection of the Department of Public Health. (Kardys' Affidavit, Exhibit D.) The plaintiff has now appealed and the named defendant[2] has moved to dismiss, claiming that the court lacks subject matter jurisdiction to hear this appeal because the decision of the Board on the request to reverse or modify is not a final decision, and because the Connecticut Medical Examining Board was not properly served.
The plaintiff claims that he is appealing from a refusal of the Board to grant his motion to reverse or modify a final decision (the consent order) under General Statutes § 4-181a(b), which provides in part: "On a showing of changed conditions, the agency may reverse or modify the final decision, at the request of any person. . . . The procedure set forth in this chapter for contested cases shall be applicable to any proceeding in which such reversal or modification of any final decision is to be considered."
In the case of Fairfield v. Connecticut Siting Council, 238 Conn. 361
(1996), the Supreme Court found that the court lacked subject matter CT Page 15212 jurisdiction over the plaintiff's administrative appeal under §4-181a(b), because the agency did not decide on the merits of the request for modification. Id., 370. Further, "[a]n agency's preliminary decision whether to entertain a petition under § 4-181a(b) is, for present purposes, in all material respects identical to an agency's preliminary decision whether to entertain a petition for reconsideration under §4-181a(a)." (Emphasis added.) Id., 371 "The preliminary decision of the agency whether to grant or deny the reconsideration petition is, however, specifically excluded from the definition of "final decision' under the UAPA and, consequently, that initial determination is not appealable to the Superior Court. General Statutes § 4-166(3)." Id.[3]
Here, the Board was presented with a motion under § 4-181a(b) and was met with an objection to this motion, which was argued before the Board. After argument, the Board sustained the objection. The Board in its minutes stated that it had "denied" the plaintiff's request. (Kardys' Affidavit, Exhibit E.) The plaintiff argues from this that there had been a denial on the merits of his request. The Board's sustaining of the objection and the sparse nature of the Board's ruling, leads the court to conclude, however, that the Board was merely "ascertaining whether there was sufficient reason to entertain reconsideration of its prior decision." Fairfield v. Connecticut Siting Council, supra, 238 Conn. 370. This action therefore does not constitute a final decision in a contested case, and is not appealable.
The plaintiff also relies on the case of Summit Hydropower Partnershipv. Commissioner of Environmental Protection, 226 Conn. 792 (1993) for the proposition that the ruling of the Board amounted to a contested case from which an appeal may be taken. Summit, however, interpreted the phrase "final decision" as that term is used in General Statutes § 4-166 (3) to require a "contested case" under § 4-166 (2). The Supreme Court further concluded that there must be a statutory requirement for a hearing, for there to be a contested case. Id., 811. There is no statutory hearing requirement associated with the plaintiff's request for reversal.
Therefore the motion to dismiss for lack of subject matter jurisdiction is granted.
Henry S. Cohn, Judge